UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOVA FELDHEIM,

                    Plaintiff,

        – *against* –

iCONTROL SYSTEMS USA, LLC,
MATT GUTERMUTH, and JENNIFER
SKINNER,

                    Defendants.

**OPINION & ORDER**

23 Civ. 08497 (ER)

RAMOS, D.J.:

    Tova Feldheim brought this action alleging that Defendants discriminated and retaliated against her based on gender and maternity and caregiver status. Doc. 19 ¶ 1. She asserts violations of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law (NYSHRL), the New York City Human Rights Law (NYCHRL), the Equal Pay Act (EPA), and the New York Labor Law (NYLL). *Id.* ¶¶ 1–2.

    The parties have reached an agreement to settle the EPA claims and a separate agreement to settle the non-EPA claims. Doc. 26 at 4. The parties have jointly moved for approval of the EPA settlement. *Id.* The motion is DENIED.

**I.    LEGAL STANDARD**

    In this Circuit, parties cannot privately settle Fair Labor Standards Act (FLSA) claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The EPA is "part of" the FLSA. *Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 286 (S.D.N.Y. 2018) (citation omitted); *see also Kassman v. KPMG LLP*, No. 11 Civ. 3743 (LGS), 2021

WL 1393296 (S.D.N.Y. Apr. 12, 2021) (conducting *Cheeks* review of EPA settlement).[1] The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal quotation marks and citation omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorney fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A. Range of Recovery

In this case, the proposed EPA settlement agreement provides for a recovery of $10,000. Doc. 26 at 1; *see* Doc. 26-1 § 2. The parties state that Feldheim identified four male employees as comparators in her complaint. Doc. 26 at 2. She earned more than three of those comparators; the fourth had an annual salary approximately $30,000 higher than Feldheim's. *Id.* The parties assert that "[a]s [Feldheim] was employed for just a

---

[1] The court also conducted a *Cheeks* review of an EPA settlement in *Pavone v. Diesel U.S.A., Inc.*, No. 21 Civ. 5219 (PAE), 2022 WL 1177344 (S.D.N.Y. Mar. 2, 2022). The plaintiff in that case alleged gender-based discrimination and asserted claims under the EPA, the NYLL, the NYSHRL, and the NYCHRL. *Id.* at *1; *see also Pavone*, No. 21 Civ. 5219, Doc. 1 ¶ 1.

year, if [Feldheim] ultimately prevailed on her EPA claims a jury could conclude that [Feldheim]'s actual damages on the EPA claims would be $10,000." *Id.*

These assertions are not sufficient for the Court to evaluate whether the settlement is fair and reasonable. Regardless of what "a jury could conclude," the Court needs information about the full range of Feldheim's possible recovery. *See, e.g.*, *Velez v. S.T.A. Parking Corp.*, No. 23 Civ. 4786 (AT), 2023 WL 9183748, at *2 (S.D.N.Y. Dec. 14, 2023) (court could not determine whether settlement was fair and reasonable because parties did not provide an estimate of plaintiffs' range of possible recovery); *Sanchez Gonzalez v. Tribeca Hummus Inc.*, No. 18 Civ. 10664 (ER), 2020 WL 409750, at *1 (S.D.N.Y. Jan. 24, 2020) (declining to approve settlement where court had "no sense of how the parties arrived at the settlement figures"); *cf. Pavone*, 2022 WL 1177344, at *1 (approving settlement where parties provided estimate of damages for all claims, including EPA claims); *Kassman*, 2021 WL 1393296, at *2–3 (same). The parties are directed to provide an estimate and explanation of Feldheim's range of possible recovery.

### B. Attorney Fees and Costs

In addition, it is not clear whether attorney fees and costs are part of the settlement of the EPA claims. The parties assert that Feldheim will receive $10,000, "inclusive of attorney's fees and costs." Doc. 26 at 1. The agreement also states that the parties agree not to seek any award of attorney fees or costs "against any other Party from the Court in connection with the Parties' mutual decision to enter into this EPA Agreement." Doc. 26-1 § 8. The parties are directed to clarify whether counsel for Feldheim is seeking any attorney fees and costs as part of the EPA settlement or whether Feldheim will receive the entire amount. *Cf. Pavone*, 2022 WL 1177344, at *1 (noting that plaintiff would receive the entirety of the $35,000 settlement of EPA claims).

### C. Other Provisions

The EPA settlement agreement does not include any objectionable release, non-disparagement, or confidentiality provisions. Doc. 26-1. It releases only Feldheim's EPA

3

claims. *Id.* § 5(a); *see Pavone*, 2022 WL 1177344, at *1 (approving agreement that released only EPA claims, rather than "waiv[ing] practically any possible claim against the defendants" (citation omitted)).

The parties have represented, however, that they are resolving Feldheim's non-EPA claims in a separate confidential settlement agreement. Doc. 26 at 4. According to the parties, that separate agreement—which has not been submitted to the Court—includes "a general release of all non-EPA claims and confidentiality provisions, but does not contain any type of clause that would prevent [Feldheim] from discussing her EPA claims with third parties." *Id.*

Courts have reached different conclusions as to whether this kind of bifurcated settlement is permissible. *See, e.g.*, *Martinez v. 189 Chrystie St. Partners, LP*, No. 22 Civ. 3111 (JLC), 2024 WL 1585807, at *1 n.1 (S.D.N.Y. Mar. 13, 2024) (collecting cases and concluding that "the separate settlement of plaintiff's discrimination and other non-FLSA claims does not require judicial review"); *Pavone*, 2022 WL 1177344, at *2 ("In this Circuit, district courts' approaches to bifurcation of settlement have varied; some courts permit bifurcated settlements, while others require parties to submit the non-FLSA settlement for court review.").

In *Kassman*, the parties reached an agreement to settle the plaintiffs' EPA and non-EPA claims. 2021 WL 1393296, at *4. The court explained that "the Named Plaintiffs are accepting compensation to resolve both non-FLSA claims, for which the parties need not seek Court approval of settlement terms, and EPA claims, subject to the *Cheeks* approval requirement." *Id.* Similarly, the *Pavone* court held that "the separate settlement of Pavone's state law discrimination claims does not require judicial review." 2022 WL 1177344, at *2. The Court will follow the guidance of these two cases addressing settlements of EPA and non-EPA claims. The parties here may settle the non-EPA claims without submitting the confidential settlement to the Court for review. And the Court finds sufficient the parties' representation that the confidential settlement

"contains a general release of all non-EPA claims and confidentiality provisions, but does not contain any type of clause that would prevent [Feldheim] from discussing her EPA claims with third parties." Doc. 26 at 4; *see Pavone*, 2022 WL 1177344, at *2 ("There is no basis to infer that the use of a separate agreement for non-FLSA claims has been used here to end-run legal limitations on the settlement of FLSA claims."); *Kassman*, 2021 WL 1393296, at *4 (concluding that "where the parties are also resolving non-FLSA claims, a general release may be appropriate"); *see also Santos v. Yellowstone Properties, Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) (approving settlement because general release was "appropriate in the context of a separate resolution of non-wage-and-hour claims" and private settlement did not prevent plaintiff "from discussing the settlement of his FLSA and NYLL claims").

### III. CONCLUSION

For the foregoing reasons, the motion for settlement approval is DENIED without prejudice. The parties are instructed to do one of the following by July 17, 2024:

1. Submit a revised motion for settlement approval and proposed agreement addressing the issues discussed above.
2. Submit a joint letter that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will set a date for a pretrial conference.
3. Stipulate to dismissal of the EPA claims without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 26.

It is SO ORDERED.

Dated: July 3, 2024
New York, New York

EDGARDO RAMOS, U.S.D.J.