**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------

TOVA FELDHEIM,

                                Plaintiff,

                V.,

ICONTROL SYSTEM USA, LLC, MATT
GUTERMUTH, AND JENNIFER SKINNER,

                            Defendants.

**23 Civ. 8497 (ER)**

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE OF PLAINTIFF'S EQUAL PAY ACT CLAIMS

This Negotiated Settlement Agreement and Release of Plaintiff's Equal Pay Act Claims (the "EPA Agreement") is entered into by and between  iControl System USA, LLC ("iControl" or the "Company"), Matt Gutermuth ("Gutermuth"), and Jennifer Skinner ("Skinner") (collectively referred to throughout this EPA Agreement as "Defendants") and Tova Feldheim ("Plaintiff"), to settle and resolve fully all claims for alleged pay discrimination under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), that Plaintiff has brought or could have brought against Defendants in connection with the above-captioned action.  As described in detail herein, the Parties have reached a fair and reasonable compromise settlement agreement through the process of arms-length negotiations to dispose of all such claims.  The term "Party" or "Parties" as used herein shall refer to Defendants, Plaintiff, or all four, as may be appropriate.

1.     **Recitals.**

This EPA Agreement is made with reference to the following facts:

    (a)    On or about April 26, 2021, iControl provided Plaintiff with an offer of employment memorialized in an offer letter;

    (b)    On or about May 11, 2021, Plaintiff commenced employment with iControl in the position of Director of Customer Success;

    (c)    Plaintiff's last day of employment with iControl was May 4, 2022 ("Separation Date");

    (d)    On or about February 2023, Plaintiff instituted an administrative proceeding against Defendants (the "EEOC Proceeding") by filing a Charge of Discrimination against

Defendants with the U.S. Equal Employment Opportunity Commission (the "EEOC") denominated EEOC Charge No. 520-2023-03507 (the "Charge") alleging, among other things, failure to pay equal wages in violation of the Equal Pay Act;

(e)     On about June 30, 2023, the EEOC, at Plaintiff's request, issued a Notice of Right to Sue to Plaintiff, terminated the agency's processing of the Charge, and closed the EEOC Proceeding;

(f)     On or about September 27, 2023, Plaintiff filed a judicial action against Defendants, which is pending as *Feldheim v. iControl System USA, LLC, et al.*, U.S. District Court, S.D.N.Y. Case No.: 1:23-cv-08497-ER (the "Lawsuit"). In the Lawsuit, Plaintiff asserts claims against Defendants for, among other things, alleged pay discrimination in violation of the Equal Pay Act (the "EPA Claims"). On or about June 12, 2024, the Parties elected to voluntarily resolve the EPA Claims without further litigation or adjudication;

(g)     Defendants deny each and every allegation of wrongdoing Plaintiff has asserted in the Lawsuit, including Plaintiff's EPA Claims. As a result, a *bona fide* dispute exists between the Parties as to the merits and value of Plaintiff's EPA Claims;

(h)     There has been no determination on the merits of the EPA Claims. In order to avoid additional cost and the uncertainty of continued litigation, Plaintiff and Defendants have agreed, subject to the provisions in Paragraph 5 below, to resolve any and all of the EPA Claims which Plaintiff has or may have against Defendants and/or Defendants' direct and indirect past, present, and future parent corporation(s), companies, affiliates, subsidiaries, partners, divisions, insurers, reinsurers, professional employer organizations, joint or co-employers, representatives, predecessors, successors, and assigns, and their respective current and former employees, attorneys, officers, directors, owners, members, managers, trustees, administrators, executors, agents, shareholders and investors, both individually and in their business capacities, and their respective employee benefit plans, programs, administrators and fiduciaries, both individually and in their business capacities (collectively referred to throughout this EPA Agreement as "Releasees") as of the date Plaintiff signs this EPA Agreement and the EPA Agreement is endorsed or "so ordered" by the Court; and

(i)     The Parties desire to freely and voluntarily enter into this EPA Agreement to memorialize the terms and conditions of their settlement of Plaintiff's EPA Claims, the release of Plaintiff's EPA Claims against Releasees, and the procedure for completely and finally dismissing the EPA Claims in their entirety, with prejudice.

## 2.     **Consideration/Indemnification for Tax Consequences and Liens.**

(a)     In consideration for Plaintiff signing this EPA Agreement and complying with all of the terms and conditions in the EPA Agreement that pertain to Plaintiff, iControl agrees to pay, on behalf of Defendants, the total gross settlement sum of TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00) (the "Settlement Payment") to Plaintiff in the manner allocated below:

(i)    One payment in full satisfaction of all claims Plaintiff may have against Defendants for wages and liquidated  damages allegedly owed due to unequal pay in violation of the Equal Pay Act, by check made payable to "Tova Feldheim" in the amount of TEN-THOUSAND DOLLARS AND NO CENTS ($10,000.00), representing liquidated damages, for which Plaintiff shall be issued an IRS Form 1099 to Plaintiff;

(b)    Any settlement payments made by check set forth in this Paragraph 2(a) will be delivered to Plaintiff's Counsel at 445 Park Avenue, 9th Floor, New York, NY  10022, within the time period specified in Paragraph 4 below.

### 3.    No Consideration Absent Execution of this EPA Agreement.

Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph 2(a) above, except for Plaintiff's timely execution of this EPA Agreement and the fulfillment of all of the promises contained in this EPA Agreement that pertain to Plaintiff.

### 4.    Disbursal of Settlement Funds/Dismissal of EPA Claims.

The Settlement Payment described in Paragraph 2(a) will be sent to Plaintiff's Counsel within seven (7) days after the latest of the following events have occurred:

(a)    Plaintiff has signed the EPA Agreement;

(b)    Defendants' Counsel has received a copy of the EPA Agreement signed by Plaintiff;

(c)    Defendants' Counsel has received an executed IRS W-9 Form from Plaintiff's Counsel;

(d)    Defendants have signed the EPA Agreement; and

(e)    Plaintiff's Counsel has filed fully-executed copies of the EPA Agreement and the Parties' joint letter motion to approve the EPA Agreement with the Court;

(g)    The Court approves the EPA Agreement;

(h)    The Effective Date within any other Agreement between the Parties.

### 5.    Release of All Equal Pay Act Claims and Related Provisions.

(a)    **Release of All Equal Pay Act Claims.**    Plaintiff and Plaintiff's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this EPA Agreement as "Releasors") knowingly and voluntarily release and forever discharge Releasees, of and from any and all claims arising under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), known

and unknown, asserted or unasserted, which Releasors have or may have against Releasees as of the date Plaintiff signs this EPA Agreement, including, but not limited to, any such claims for alleged unpaid wages due to unequal pay and/or pay discrimination, liquidated damages, attorneys' fees, costs, interests, expenses and any other damages or other relief recoverable under the Equal Pay Act.

(b)    **No Other Entitlements Under the Equal Pay Act.**  As a consequence of this settlement, Plaintiff affirms that after she receives the Settlement Payment, she will have been paid and will have received all compensation, wages, bonuses, commissions, paid sick leave, accrued but unused vacation pay, predictability pay, employee benefits, and other monies to which he may be entitled from Defendants under the Equal Pay Act.

(c)    **Governmental Agencies.**  Nothing in this EPA Agreement prohibits, prevents, or otherwise limits Plaintiff from filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, whistleblowing proceeding or other proceeding before the U.S. Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights ("NYSDHR"), the National Labor Relations Board ("NLRB"), the New York City Commission on Human Rights ("NYCCHR") or any similar agency enforcing federal, state, or local anti-discrimination laws, or from participating in any legislative or judicial proceeding.  Nothing in this EPA Agreement precludes, prohibits or otherwise limits, in any way, Plaintiff's rights and abilities to contact, communicate with or report unlawful conduct to federal, state, or local officials for investigation or to otherwise participate in any whistleblower program administered by any such agencies.  However, should Plaintiff file a charge or complaint with any agency charged with enforcing any EPA or other wage claim, Plaintiff acknowledges that as per this EPA Agreement, she has been fully compensated for any and all alleged wage violations and is not entitled to receive any damages, including additional compensation, liquidated damages or attorneys' fees.

(d)    Plaintiff and Defendants agree this EPA Agreement may not be introduced in any action or proceeding, except to: (i) enforce the terms of the EPA Agreement; (ii) establish conclusively the settlement and release of Releasors' EPA Claims against Releasees in conformity with this EPA Agreement; (iii) establish a breach of this EPA Agreement; and/or (iv) establish conclusively the dismissal of the EPA Claims in their entirety, with prejudice.  However, nothing in this EPA Agreement is intended to or will limit any rights Plaintiff may have under the National Labor Relations Act ("NLRA"), including, but not limited to, the right to engage in protected concerted activity, including discussing non-confidential terms and conditions of employment with co-workers, and attempting to improve terms and conditions of employment through channels outside the immediate employee-employer relationship, such as through the NLRB.

6.    **Procedure.**

**After this EPA Agreement is fully-executed by the Parties, Plaintiff, on behalf of the Parties, will submit copies of the EPA Agreement and the Parties' joint letter motion to approve the EPA Agreement to the Court for the Court's consideration and approval. Defendant will tender the Settlement Payment to Plaintiff within the time period specified in Paragraph 4 above.  Within three (3) business days after Plaintiff receives the Settlement**

4

**Payment, counsel for the Parties will sign the Parties' Stipulation And Order Of Final Dismissal With Prejudice Of Plaintiff's Equal Pay Act Claims attached hereto as Exhibit A ("Stipulation of Dismissal of EPA Claims") and Defendants' Counsel will file a fully-executed copy of the Stipulation of Dismissal of EPA Claims with the Court.**

7.     **Governing Law and Interpretation.**

This EPA Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to the State's conflict of laws provisions.  Plaintiff and Defendants agree that any action or proceeding relating to the enforcement of this EPA Agreement will only be brought in the United States District Court for the Southern District of New York, and that any such action or proceeding will be heard without a jury or an advisory jury.  Plaintiff and Defendants waive their respective rights to bring any such action or proceeding in any other jurisdiction, or to have any such action or proceeding heard before a jury or an advisory jury.  Plaintiff and Defendants understand and agree the Court shall retain jurisdiction over the interpretation and implementation of this EPA Agreement and any matters arising out of, or related to, the interpretation or implementation of this EPA Agreement and the settlement of the EPA Claims contemplated by this EPA Agreement.  Should any provision of this EPA Agreement be declared illegal or unenforceable by the Court and cannot be modified to be enforceable, excluding the Equal Pay Act release language, such provision shall immediately become null and void, leaving the remainder of this EPA Agreement in full force and effect.  If the Court declares or finds the Equal Pay Act release language in this EPA Agreement to be unenforceable for any reason, the Parties agree to enter into a binding replacement Equal Pay Act release in a form to be provided by Defendants and approved by the Court.

8.     **Non-Admission of Wrongdoing and No Attorneys' Fees.**

The Parties agree that neither this EPA Agreement nor the furnishing of the consideration for this EPA Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Each Party agrees to waive any claim for and not to seek any award of attorneys' fees, interest or costs against any other Party from the Court in connection with the Parties' mutual decision to enter into this EPA Agreement.

9.     **Amendment.**

This EPA Agreement may not be modified, altered or changed except in a writing signed by all Parties that specifically refers to this EPA Agreement.

10.    **Entire Agreement.**

This EPA Agreement sets forth the entire agreement between the Parties regarding the resolution of Plaintiff's EPA Claims against Defendants, and fully supersedes any prior agreements, understandings or obligations between or among the Parties pertaining to the subjects addressed herein.  However, the Parties acknowledge that, concurrent with their execution of this EPA Agreement, the Parties are entering into a Confidential Negotiated Settlement Agreement and General Release governing the voluntary settlement and release of all claims Plaintiff has asserted

5

or could have asserted against Defendants in the Lawsuit as of the day Plaintiff signs the Confidential Negotiated Settlement Agreement and General Release, other than Plaintiff's EPA Claims.  Plaintiff acknowledges that she has not relied on any representations, promises, agreements or offers of any kind made to Plaintiff in connection with Plaintiff's decision to enter into this EPA Agreement, except for those set forth in this EPA Agreement and the Parties' Confidential Negotiated Settlement Agreement and General Release.

11.    **Counterparts and Signatures.**

This EPA Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument.  A signature made on a faxed or electronically mailed copy of the EPA Agreement or a signature transmitted by facsimile or electronic mail, or which is made electronically, will have the same effect as the original signature.

12.    **Mutual Negotiation.**

This EPA Agreement was the result of arms-length negotiations between the Parties and their respective legal counsel.  In the event of vagueness, ambiguity, or uncertainty, this EPA Agreement shall not be construed against any Party on the basis that the Party allegedly prepared the EPA Agreement, but shall be construed as if all Parties prepared the EPA Agreement jointly.

13.    **Third Party Beneficiaries.**

All Releasees are third party beneficiaries of this EPA Agreement for purposes of the protections offered by this EPA Agreement, and they shall be entitled to enforce the provisions of this EPA Agreement applicable to any such Releasee as against Plaintiff, Releasors or any party acting on their behalf.

14.    **Section Headings.**

Section headings are used in this EPA Agreement for convenience of reference only and shall not affect the meaning of any provision of the EPA Agreement.

**PLAINTIFF IS ADVISED THAT PLAINTIFF HAS UP TO TWENTY-ONE (21) DAYS TO CONSIDER THIS EPA AGREEMENT. PLAINTIFF, HAVING ELECTED TO EXECUTE THIS EPA AGREEMENT, TO FULFILL ALL OF THE PROMISES SET FORTH HEREIN THAT PERTAIN TO HER, AND TO RECEIVE THEREBY THE SETTLEMENT PAYMENT SET FORTH IN THIS EPA AGREEMENT, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HER ATTORNEYS YOUNG & MA LLP, ENTERS INTO THIS EPA AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL EPA CLAIMS RELEASORS HAVE OR MIGHT HAVE AGAINST RELEASEES AS OF THE DAY PLAINTIFF SIGNS THIS EPA AGREEMENT.**

*[The Remainder of This Page is Intentionally Left Blank]*

6

The Parties knowingly and voluntarily sign this EPA Agreement as of the date(s) set forth below:

**TOVA FELDHEIM**

By:_____

Print
Name: _Tova Feldheim_____

Date: __6/30/24_____

**Approved as to form and content:**

By: _Tiffany Ma_____

Name: Tiffany Ma, Esq.
Firm:  Young & Ma LLP

**iCONTROL SYSTEM USA, LLC, MATT GUTERMUTH, AND JENNIFER SKINNER,**

By: _____
    Matt Gutermuth
    Chief Executive Officer

Date:_____

7

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TOVA FELDHEIM,

                              Plaintiff,

                 V.,                                      **23 Civ. 8497 (ER)**

ICONTROL SYSTEM USA, LLC, MATT
GUTERMUTH, AND JENNIFER SKINNER,

                              Defendants.

---

## STIPULATION AND ORDER OF FINAL DISMISSAL
## WITH PREJUDICE OF PLAINTIFF'S EQUAL PAY ACT CLAIMS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Tova Feldheim and Defendants iControl System USA, LLC, Matt Gutermuth, and Jennifer Skinner, through their respective undersigned counsel, that upon the Negotiated Settlement Agreement and Release of Plaintiff's Equal Pay Act Claims in this action having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in this action under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), shall be and hereby are dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release of Plaintiff's Equal Pay Act Claims.

By: _____

    Bryan Mazzola, Esq.
    Boyd Richards Parker & Colonnelli, P.L.
1500 Broadway, 5th Floor
New York, NY  10036
Telephone: (914) 872-8000
Bmazzola@boydlawgroup.com

By: _____

    Tiffany Ma, Esq.
    Young & Ma LLP
445 Park Avenue, 9th Floor
New York, NY  10022
Telephone: (212) 832-3890
tma@youngandma.com

_____
Date

Counsel for Plaintiff Tova Feldheim

_____
Date

Counsel for Defendants iControl System
USA, LLC, Matt Gutermuth, and Jennifer
Skinner

**SO ORDERED this**
**\___ Day of _____, 2024.**

_____
Edgardo Ramos, U.S.D.J.

2