UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOVA FELDHEIM,

                Plaintiff,

– *against* –

iCONTROL SYSTEMS USA, LLC, MATT GUTERMUTH, and JENNIFER SKINNER,

                Defendants.

**OPINION & ORDER**

23 Civ. 08497 (ER)

RAMOS, D.J.:

    Tova Feldheim brought this action asserting violations of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Human Rights Law, the Equal Pay Act (EPA), and the New York Labor Law. Doc. 19 ¶¶ 1–2. The parties reached separate agreements to settle the EPA claims and the non-EPA claims. Doc. 26 at 4. On June 26, 2024, the parties jointly moved for approval of the EPA settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Doc. 26.

    The Court concluded that the bifurcated settlement structure was permissible and that the EPA agreement did not include any objectionable release, non-disparagement or confidentiality provisions. *Feldheim v. iControl Sys. USA, LLC*, No. 23 Civ. 08497 (ER), 2024 WL 3293627, at *2 (S.D.N.Y. July 3, 2024); *see* Doc. 27. But the parties did not provide a sufficient estimate of Feldheim's range of recovery, and it was not clear whether attorney fees and costs were part of the EPA settlement. *Feldheim*, 2024 WL 3293627, at *1–2. The Court therefore denied the motion without prejudice. *Id.* at *3.

    The parties have now submitted a second motion for settlement approval. Doc. 28. The motion is GRANTED.

I.  DISCUSSION

   A. Range of Recovery

In this case, the proposed EPA settlement agreement provides for a recovery of $10,000.  Doc. 28 at 1; *see* Doc. 28-1 § 2.  Feldheim will receive the full $10,000.  Doc. 28 at 5.

The parties estimate that Feldheim's best possible recovery on her EPA claims would be $30,000.  *Id.* at 4.  The proposed settlement amount that Feldheim will receive thus represents one-third of her maximum recovery.

The Court finds that the proposed amount is fair and reasonable.  *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery).  The settlement will provide value insofar as it allows Feldheim to receive payment without the risks and delays inherent in litigation.  *See Animucka v. Singer*, No. 20 Civ. 7867 (ER), 2022 WL 16908279, at *2 (S.D.N.Y. Oct. 21, 2022).  The parties note that there are "significant challenges that [Feldheim] would face in proving that she was paid differently because of her gender."  Doc. 28 at 4.  The settlement value also accounts for "the financial difficulties faced by iControl."  *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'"  *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (alteration in original) (citation omitted).  Given the aforementioned risks and uncertainties of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Feldheim.  *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)).  Finally, this settlement

resulted from arm's length negotiations in which the parties were represented by experienced counsel. Doc. 28 at 5. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorney Fees and Costs

The parties have clarified in their renewed motion that Feldheim's counsel is not seeking attorney fees on the EPA claims. *Id.* "[B]ecause no attorneys' fees are awarded here, the Court need not assess their reasonableness." *Pavone v. Diesel U.S.A., Inc.*, No. 21 Civ. 5219 (PAE), 2022 WL 1177344, at *1 (S.D.N.Y. Mar. 2, 2022).

## II. CONCLUSION

For the foregoing reasons, as well as the reasons stated in the Court's previous opinion, the motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 28, and close the case.

It is SO ORDERED.

Dated:  July 11, 2024
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.